FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

TOMAS DIAZ,

Defendant.

10-CR-170

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On March 16, 2010, Tomas Diaz plead guilty to a single-count information, which charged that between April 17 and April 29, 2009 defendant devised a scheme to defraud the New York City Department of Buildings and to obtain money by means of materially false pretenses, and for the purpose of executing such a scheme transmitted a facsimile of falsified boring test reports, from Floral Park, New York, to Hoboken, New Jersey, on April 29, 2009, in violation of 18 U.S.C. §1343.

Diaz was sentenced on June 2, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 7 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between zero and 6 months. The offense carried a maximum term of imprisonment of 20 years. 18 U.S.C. § 1343. The guidelines range of fine was from $500 to $5,000. An order of restitution was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

Diaz was sentenced to six months' incarceration and three years' supervised release. A $100 special assessment was imposed. Restitution in the amount of $400 was previously paid in full by defendant. No fine was imposed because the defendant will not have sufficient assets to pay a substantial fine in the foreseeable future.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant's offenses was a serious betrayal of public trust. Tests of the kind administered by defendant must be accurate to ensure the soundness of construction and the safety of the public. An incarceratory sentence is warranted. The court has the power to go above the guidelines range in sentencing this type of offense, but a sentence within the guidelines is sufficient in light of defendant's good work history, his intelligence, his efforts to advance himself through education, the work he has done to support his family, and his close relationships with his daughters and granddaughters. A sentence of six months' incarceration reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. In light of defendant's generally good character, specific deterrence is not a serious concern, but general deterrence requires that offenses of this nature be seen as resulting in substantial punishment. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in fraud on public authorities will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in

further criminal activity in light of his good character, his good work history, his age, and his sincere expressions of remorse.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: June 2, 2010
       Brooklyn, New York

4