UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 0 8 2011 ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA,

– against –

TOMAS DIAZ,

Defendant.

10-CR-170

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On March 9, 2011, Tomas Diaz pleaded guilty to a single-count superseding information, which charged that the defendant devised a scheme to defraud the New York City Department of Buildings, and to obtain money by means of materially false pretenses for the purpose of executing such scheme, transmitted a facsimile of falsified boring test reports from Floral Park, New York to Hoboken, New Jersey, on April 29, 2009 in violation of 18 U.S.C. § 1343.

Diaz was sentenced on May 25, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be seven and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between zero and six months. The calculation of the total offense level included a 2-point enhancement for violating his professional and ethical responsibilities and a 2-deduction for acceptance of responsibility. The offense carried a maximum term of imprisonment of twenty years. 18 U.S.C. § 1343. The guidelines range of fine was from $500 to $5000. An order of restitution was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

Diaz was sentenced to two years' probation. A $100 special assessment was imposed. Restitution was ordered in the amount of $400 owed to defendant's victims, and it has been paid by the defendant.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant previously pleaded guilty in March, 2010 and was sentenced by this court to six months' incarceration. That plea and sentence were subsequently vacated on motion by the defendant because the charge was insufficient and unconstitutional. *See* Sentencing Hr'g Tr. May 25, 2011. The government then filed a superseding information to which defendant pleaded guilty.

Defendant's crime was serious. Engineers must be depended on to ensure the safety of buildings. Filing false estimates on the strengths of buildings is dangerous and could lead to a building collapse. Defendant expressed extraordinary acceptance of responsibility for his actions as demonstrated by his plea of guilty on two occasions. His deep remorse for his conduct was evident at the sentencing hearing. In addition, between the time of filing the original information and the superseding information, defendant was diagnosed with inoperable prostate cancer and diabetes. A sentence of two years' probation is sufficient. It reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). The previously imposed sentence of six months' incarceration is not necessary in view of defendant's medical conditions.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. Specific deterrence is not necessary here. It is unlikely that defendant will engage in further criminal activity in light of his extreme remorse, significant health problems, and commitment to his three daughters.

3

Jack B. Weinstein
Senior United States District Judge

Dated: May 25, 2011
        Brooklyn, New York